William Neumann, Defendant in Error, v. Ida Neumann, Plaintiff in Error.

### Gen. No. 26,730.

1. WAIVER—*right of party to waive statutory or constitutional provision made for his benefit.* A party may waive any provision made for his benefit, constitutional as well as statutory.

2. JURY—*waiver of right to jury trial.* A party who voluntarily remains away from a trial and thus abstains from asserting her right to a trial by jury is in no more favorable position to claim the right than if she had been present and acquiesced in a trial without a jury.

3. DIVORCE—*waiver of right to jury trial.* While trial by jury in a divorce case is a matter of right, it may be waived and where a party who has requested a jury in such a case neglects to appear and claim the right, a judgment rendered without a jury will not be void for want of jurisdiction.

4. DIVORCE—*sufficiency of evidence to establish desertion.* In a divorce suit brought by the husband on the ground of desertion, evidence examined and *held* sufficient to establish the desertion claimed.

Error to the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Affirmed. Opinion filed December 30, 1921. *Certiorari* denied by Supreme Court (making opinion final).

B. M. SHAFFNER, for plaintiff in error.

HUTTMANN, CLOYES & KLINGER, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Defendant in error filed his bill of complaint charging plaintiff in error with desertion, to which she was permitted to file answer after default taken for want of appearance. On her request an order was entered June 28, 1918, to submit the cause to a jury. The cause came on for hearing June 10, 1919. Defendant not being present or represented at the trial, the court proceeded to hear complainant's evidence without a jury and entered a decree the next day granting the divorce. At the succeeding term of court defendant filed a motion to set aside and vacate the decree on the ground that the court had no jurisdiction to try the cause without the intervention of a jury. The motion was denied February 1, 1921.

Two questions are presented: First, whether the court had jurisdiction to try the cause without the intervention of a jury, it appearing from the record that defendant had demanded one, and second, whether the evidence supports the decree.

(1) That a party may waive any provision made for his benefit, constitutional as well as statutory, is not open to question. (*Chicago, M. & St. P. Ry. Co. v. Hock,* 118 Ill. 587-592.) While it has frequently been held in cases where the defendant was present and went to trial, submitting the issues to the court, the right of trial by jury was waived (*Weil v. Federal Life Ins. Co.,* 264 Ill. 425-434; *Juvinall v. Jamesburg Drain. Dist.,* 204 Ill. 106; *Sanitary Dist. of Chicago v. Bernstein,* 175 Ill. 215-219; *Miller v. People,* 156 Ill. 113; *Chicago, S. F. & C. Ry. Co. v. Ward,* 128 Ill. 349), plaintiff in error contends that they are not applicable where the defendant did not appear and participate in the trial. We see no reasonable ground for the distinction. If

defendant voluntarily remained away, as may be presumed in the absence of a showing to the contrary, and thus abstained from asserting her right to a trial by jury, we fail to see that she was thereby in a more favorable position to claim the right than if she had been present and acquiesced in a trial without a jury. Under similar circumstances the right was held to be waived in *Madison & I. Ry. v. Whiteneck,* 8 Ind. 217, and in *Helmick v. Churchill,* 92 Hun (N. Y.) 524. While in the former case a waiver was provided for by statute, we do not think that fact affects the principle. As said in the latter case, the purpose is to confer the right of trial by jury to a party who continues in the contest to the end, but not where he is in default and abandons the action and the court in which it is pending.

While the trial by jury in a divorce case is a matter of right under our statutes, it certainly can be waived by the party entitled to it, and if neglect to appear at the trial and claim the right may be deemed a waiver, the decree in such a case is not void for want of jurisdiction of the court to hear and pass upon the evidence.

(2) As to the sufficiency of the evidence: It appears from the testimony of defendant in error that the parties were married in 1905; that she left him in September, 1911; that on returning one day in that month to his home from work that he had been attending to for a few days out of the city he found the apartment, where they had been living, empty, the furniture removed, and his wife gone; that he inquired of and was unable to ascertain from her son by a former marriage where she was; that she left him without any sufficient reason and he had not seen or known where she was for about 9 years. Two other witnesses testified that they had separated, one testifying that his wife had previously threatened to leave him, and the other, that they had not lived to-

gether for several years, and that in a conversation with his wife had shortly after the separation she expressed an indifference towards her husband and whether they lived together again.

In the absence of any evidence to the contrary, we think the evidence shown by the record was sufficient to establish desertion as claimed in the bill.

Accordingly the decree will be affirmed.

*Affirmed.*

GRIDLEY, P. J., and MORRILL, JJ., concur.