William Bart, Appellee, v. Pine Grove, Inc. et al.,
Appellants.

Gen. No. 43,381.

Heard in the first division of this court for the first district at the April term, 1945. Opinion filed June 25, 1945. Released for publication July 19, 1945.

MILLIKEN & VOLLERS, of Chicago, for appellants; SEAGO, BRADLEY & VETTER, of Chicago, of counsel.

WILLIAM HENNING RUBIN, of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

October 19, 1944, William Bart filed his petition praying that a writ of mandamus issue against the Pine Grove, Inc. corporation and its officers commanding them to permit him to examine the books and records showing the names of the shareholders, etc.,

of the corporation. Defendants' motion to strike the complaint on the ground that the petition failed to show that plaintiff had complied with the provisions of § 45 of the Business Corporation Act, ch. 32, par. 157.45, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 32.045], was denied and defendants ruled to answer. Defendants filed their answer, the case was heard before the court without a jury and January 12, 1945, an order was entered awarding the writ as prayed for. Defendants appeal.

Plaintiff in his petition alleged that he was the owner of 126 shares of stock of the defendant Pine Grove, Inc., an Illinois corporation; that on the 17th and again on the 18th of October, 1944, he served notice on the proper officials of defendant corporation that he desired to examine the books and records of the company, including the list of stockholders and that his request was refused. And in paragraph 5 it was alleged that the officers of the corporation owned and controlled 2700 shares of stock of the company and were attempting to make a sale "of their purported holdings which would grant to the purchaser virtual control of the corporation, and place your petitioner and other stockholders in a precarious position and at their mercy because they will have in their possession in excess of one-third of the outstanding shares of this corporation, and will thereby be in a position to elect members of the Board of Directors and prevent a sale of the property for as long a time as they would choose." He further alleged that by virtue of section 45 of the Business Corporation Act, the individual defendants had become liable to him in a penalty of 10% of the value of the stock held by him in the corporation "in addition to damages sustained by him by reason of liability incurred for attorney's fees and the expense in retaining and sending to the offices of the defendant corporation a Certified Public Accountant."

Defendants, after their motion to strike the complaint was denied, in accordance with the order of court, filed their answer denying that either the officers or the directors or anyone in their behalf owned or controlled 2700 shares of stock or that anyone directly or indirectly was offering or attempting to offer for sale the 2700 shares of stock, but on the contrary averred that the only sales were made through the customary channels of brokerage houses and averred that none of the defendants had been approached directly or indirectly by any shareholder or broker or agent for the purpose of selling or offering for sale any such number of shares. The answer further avers that plaintiff acquired his 126 shares on the following dates: July 18, 1944,—16 shares; September 20—35 shares; October 4—20 shares; October 13—30 shares; and October 13—25 shares. It was further averred in the answer that plaintiff had failed to comply with the requirements of section 45, of the Business Corporation Act as interpreted in *Morris v. Broadview, Inc.,* 385 Ill. 228. That defendants offered and were willing to exhibit to plaintiff all of the records except the list of shareholders but that he refused such offer. It is further averred in the answer that the only property of the corporation was a six-story apartment building located on Pine Grove avenue, Chicago.

The record discloses that the building corporation resulted from a proceeding in the Federal court under 77B of the Bankruptcy Act and stock in the corporation was given in exchange for bonds secured by a mortgage on the property and that there were 7909 shares of stock of the defendant corporation.

At the opening of the trial a statement was made by counsel for each side and in response to a question put up by the court to counsel for defendants (as to why plaintiff was not entitled to examine the list of stockholders) counsel replied, because plaintiff had failed to show that he wanted to examine the list

of stockholders for a proper purpose, as required by § 45 of the Business Corporation Act, which he was required to do in accordance with the opinion in *Morris v. Broadview, Inc.*, 385 Ill. 228. That defendants in their answer had challenged the good faith of plaintiff in bringing the action. At the conclusion of the statements and interrogation of counsel by the court, counsel for plaintiff said: ". . . we have no evidence other than the rumors that are circulated on LaSalle Street" that the officers and directors desire to sell the 2700 shares of stock. Thereupon counsel for defendants called John J. Bickel, Jr., vice president of defendant corporation, who testified that so far as he was advised, there was no bona fide offer to purchase any of the stock except through the regular channels. This was the only witness in the case and the court awarded the writ.

Our Supreme court in *Morris v. Broadview, Inc.*, 385 Ill. 228, construed § 45 of the Business Corporation Act and held that in an action for a writ of mandamus, to authorize a stockholder to examine the records and list of stockholders, he must allege and prove that the examination was for a "proper purpose." In the instant case there was no such allegation and no proof offered. Nor is there any allegation in the petition nor proof of any wrongdoing by any of the defendants, the only allegation is that the officers owned and controlled 2700 shares of stock and were attempting to make a sale of it, which would give to the purchaser virtual control of the corporation and place plaintiff in a precarious position at "their mercy because they will have in their possession in excess of one-third of the outstanding shares of this corporation" etc. This is denied by defendants' answer and by the uncontradicted testimony of Mr. Bickel, Jr. Obviously a stockholder has a right to sell his stock or to buy the stock of a corporation without let or hindrance, unless there is some charge that in

doing so he would be violating some obligation to the plaintiff or to someone else. The order appealed from cannot stand.

But counsel for plaintiff in his brief says that if this court feels that the trial court "did not consider enough evidence in the matter before reaching its decision, then the case should be remanded with instructions that further evidence be heard." We think this ought not be done because, as stated by the Supreme court of the United States in *Stoll v. Gottlieb*, 305 U. S. 165: "It is just as important that there should be a place to end as that there should be a place to begin litigation."

The order of the Circuit court of Cook county appealed from is reversed.

*Order reversed.*

NIEMEYER, J., concurs.

MATCHETT, P. J., specially concurring. I concur in this result although I think the statute should be liberally construed in favor of the stockholder.