(No. 29897.—

TITUS L. THELIN, Appellee, *vs.* ANNE J. HUPE *et al.*, Appellants.

*Opinion filed March 19, 1947—Rehearing denied May 19, 1947.*

HAROLD J. CLARK, of Chicago, for appellants.

JOSEPH F. ELWARD, and EDWARD J. CZEKALA, both of Chicago, for appellee.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county ordering the sale of certain real estate in a partition suit. The tract was 570.24 feet long east and west, and 124.75 feet wide. The north side and both ends abutted upon public streets in Evanston. In the northeast corner was an old residence and the lot upon which it was located was 44.75 feet north and south by 125 feet long. This lot was designated as "sub-parcel A," and the balance of the tract "sub-parcel B."

The property was originally owned by Nicholas Welter, who died in 1929 and by will devised the property one third to his wife and the balance to his five children. In 1935, the widow, Josephine Welter, conveyed to her children all her interest in the property. November 21, 1942, four of the children, viz., Charles S. Welter, Mary F. Landin, Margaret C. Vogel and Celia B. Ryan, and their respective spouses, conveyed to Titus L. Thelin an undivided four-fifths part of the whole premises, and, subsequently, on the same day, Titus L. Thelin conveyed to Josephine Welter a life estate in the undivided four-fifths of the property described as 'sub-parcel A." Anne J. Hupe, the remaining child, retained a one-fifth interest in the whole of the premises. Thelin brought partition

in 1945, and alleged the interests of the parties, as indicated above. Anne J. Hupe and her husband and Josephine Welter answered, and admitted that the interests were as alleged. Anne J. Hupe also stated that her interest was subject to the life estate of her mother, Josephine Welter, in "sub-parcel A," but alleged that she and her husband had spent money on repairing the house located on "sub-parcel A" to make a home for the mother, and prayed that said parcel be set off to her and valued without taking into consideration the increase by the improvements, and claimed she was entitled to have this property set off to her and not sold, because of such improvements. A decree of partition was entered fixing the interests as alleged in the bill and answer, but making no finding or decree relative to the alleged improvements claimed to have been placed upon the premises by Anne J. Hupe and her husband. No appeal was taken from the decree of partition.

In February, 1945, appellants filed a petition with the court, claiming that Josephine Welter had a homestead in the premises, and that, in 1943, Anne J. Hupe and her husband had repaired the premises by fixing the leaking roof and worn-out plumbing, by papering and painting the inside, and by repairing plastering, to the amount of $1718, so that Josephine Welter could comfortably live therein. The petition also prayed the court to direct the commissioners to set off to appellant Anne J. Hupe the part of the premises occupied by her mother, after making allowance for the improvements placed upon the same by said appellant, and taking into consideration the value of that part, without improvement, as compared to the value of the entire tract. The commissioners reported the property indivisible, and fixed the value of "sub-parcel A" at $8500, and that of "sub-parcel B" at $22,240.

Upon considering the petition and objections to the report, the same were denied by the court upon the ground that it was not shown the property was divisible, and that

the appellants had made no showing which would over-come the report of the commissioners. The court then entered a decree of sale of the entire premises, with the proviso that the sale of "sub-parcel A" would be subject to the life estate of Josephine Welter, and reserved jurisdiction for the purpose of an accounting between the parties. Appellants appealed from the decree of sale.

The only point argued is that the court erred in refusing to enter an order directing the commissioners to make an actual partition of the property by setting off "sub-parcel A" to appellants, and in refusing to set aside the report of the commissioners finding the property indivisible without manifest prejudice, and in entering the decree of sale.

The first point made in the petition, although it is not urged on appeal, is that Josephine Welter had a homestead in the premises. The decree of partition fixed the rights of the parties. That decree was not appealed from. If she had a homestead she should have raised the question at the time the interests of the parties were being fixed, and, no homestead having been allowed and the said decree not having been appealed from, it is conclusively determined that no homestead exists in the premises. *White* v. *Van-Patten,* 280 Ill. 215; *Rabe* v. *Rabe,* 386 Ill. 600.

The question of whether repairs were allowable to appellants Anne J. Hupe and her husband was also set up in the answer and not mentioned in the decree of partition. The evidence discloses that Josephine Welter acquired her life estate in "sub-parcel A" in 1942. It also appears the repairs were placed upon the premises in 1943. The duty lies upon the life tenant to keep up ordinary repairs of the premises during life tenancy, (*Lehmann* v. *Rothbarth,* 111 Ill. 185; *Guhl* v. *Guhl,* 376 Ill. 100,) and, if money was spent by appellant Anne J. Hupe for the benefit of the life tenant, the question arises whether this fact would give her the special equity she claims.

This brings up for consideration only the refusal of the court to direct the commissioners to set off to appellant Anne J. Hupe the part of the premises upon which the house was located. The commissioners reported that division could not be made without manifest prejudice. The facts disclose that appellee owns an undivided four-fifths of all of the premises, subject to the life estate in "sub-parcel A." It also shows that appellant Anne J. Hupe has an undivided one-fifth interest in all of the premises, subject to a life estate of her mother in "sub-parcel A." It is not suggested just how partition could be made to give Anne J. Hupe the house, subject to the life estate of her mother, and make the part given to her, so subject to such life tenancy, equal in value to each other undivided one-fifth therein. It is obvious that if she took the home premises, and it was subject to the life estate of another, a computation would necessarily have to be made of the value of the life estate, and the amount Anne J. Hupe should take would thereby increase in area as compared to each other undivided one-fifth; and, since different values are fixed upon "sub-parcel A" and "sub-parcel B," it is difficult to understand how this could be equitably done. Nor has said appellant given us any help other than to suggest the payment of owelty either by appellant Hupe or by appellee. In either case this must be done by the court and not by the commissioners. *Bergman* v. *Rhodes,* 334 Ill. 137.

Appellant Anne J. Hupe predicates her claim to having the property actually partitioned upon the theory that she has placed improvements upon a part of the premises occupied by her as cotenant. Anne J. Hupe and her husband are occupying the premises as tenant of, or at the sufferance of, the life tenant, Josephine Welter, but this does not place her in the position of a tenant in common placing lasting improvements upon the premises.

In *Carter* v. *Carter*, 234 Ill. 507, the same contention was made. In denying relief we said: "The improvements placed upon the land by appellants were placed there during the life of their mother, who was entitled to the possession of the land as life tenant. Their possession was not that of co-tenants with the other owners, but was exclusive under the life tenant. Their right was no greater than hers, and the rule is that a life tenant cannot, by placing permanent improvements on land, however much they may enhance its value, create a charge against the remainder-man. Such improvements will be deemed to have been made for his own benefit during the existence of his own estate, and upon its termination, being a part of the realty, they will go, as such, to the remainderman, who will take them without any liability to reimburse the life tenant." *Hagen* v. *Varney*, 147 Ill. 281; *Leininger* v. *Reichle*, 317 Ill. 625.

The showing made by the appellants' petition comes squarely within the *Carter case*. Josephine Welter was the life tenant. Anne J. Hupe and her husband lived with her. The improvements described were repairs which it was the duty of Josephine Welter to make as life tenant. If any part of the improvements was permanent in character, appellant Hupe cannot charge the same against the remaindermen, under the rule in the *Carter case*. Under these facts Anne J. Hupe had no special equity to have the home premises set off to her, superior to the other co-tenants, and no abuse of discretion is shown in refusing to set aside the report of the commissioners and vacate the order of sale.

The mere fact that appellant Anne J. Hupe makes her home with her mother does not affect the merits of this proposition. We think the evidence wholly fails to show any abuse of discretion of the trial court in refusing to direct the commissioners to set off specifically a part of

the premises, including the building, to appellant Anne J. Hupe, or in entering a decree of sale of the premises subject to the life estate of Josephine Welter in "sub-parcel A."

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*