Walter Chmielewski, by Josephine Chmielewski, Parent and Next Best Friend, Appellant, v. Martin Marich, Trading as Marty's Place, Emil Fako, Terrence Kennedy, Frank Fara and Julia Fara, Appellees.

Gen. No. 45,921.

Opinion filed May 28, 1953. Rehearing denied June 24, 1953. Released for publication June 24, 1953.

WACHOWSKI & WACHOWSKI, of Chicago, for appellant; CASIMIR R. WACHOWSKI, of Chicago, of counsel.

ANDREW J. FARRELL, of Chicago, for certain appellee.

ROSENBERG & ORANSKY, of Chicago, for certain other appellees.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This action was brought under the Dram Shop Act against Martin Marich, the owner of a tavern, Frank Fara and Julia Fara, as alleged owners of the premises which the tavern occupied, and Emil Fako and Terrence Kennedy, who, it is alleged, became intoxicated in the tavern in question and assaulted plaintiff, causing alleged serious injuries.

The defendants were properly served with summons. No appearance was filed by any of them. Plaintiff withdrew his demand for a jury. The cause was submitted to the court after default taken, and judgment was entered for $15,500 in favor of plaintiff and against all of the defendants except Kennedy. No order was entered as to said defendant.

After term time, defendants Frank Fara and Julia Fara filed their petitions under section 72 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 196; Jones Ill. Stats. Ann. 104.072] for relief through *coram nobis*. The material facts alleged in the petitions were that, immediately when they were served, they delivered the summons to their insurance agent, who had furnished the insurance protection for the property in question; that he assured them the matter would be properly taken care of by the insurance company; and that they relied upon his assurance and did not discover until after the execution was served that a judgment had been entered against them by default. There is no averment in the petition that they made any inquiry between the time of the delivery of the summons to the insurance agent and the discovery of the entry of the judgment by default. The petition further alleged as to Frank Fara that he at no time had any ownership or interest in the real estate in question, and that the court had no power to assess damages without a jury and thereby deny to the defendants the constitutional right of trial by jury.

Defendant Fako likewise after term time filed a petition under section 72 to vacate the judgment against him, alleging that at the time of the entry of the default and judgment he was a minor; that no guardian *ad litem* had been appointed in said cause; that the court had no right to enter judgment against said defendant; and that the failure to make any disposition of the case as to defendant Kennedy rendered the judgment against all of the other defendants void. The fact of infancy alleged in said petition was not controverted.

Upon a hearing of said petitions the court entered an order vacating the judgment as to all of the defendants, from which order plaintiff appeals. The record does not disclose that any evidence was heard upon the hearing of these petitions, nor is there a report of proceed-

ings. Defendant Marich made no motion to vacate the judgment.

██ The judgment having been entered against all defendants except Kennedy, and no order of disposition as to him, the law regards it as a nonsuit or dismissal as to him. *Martinez v. Seymour,* 348 Ill. App. 112, 115, and cases there cited.

██ As to defendant Fako, no judgment could or should have been entered against him as a minor without the previous appointment of a guardian *ad litem.* He is entitled to have such a judgment set aside after term time, and it may be done by *coram nobis* under section 72 of the Civil Practice Act. *Frank v. Newburger,* 298 Ill. App. 548, followed with approval in *Nikola v. Campus Towers Apt. Bldg.,* 303 Ill. App. 516; *Rapp v. Goerlitz,* 314 Ill. App. 191; *Simpson v. Anderson,* 305 Ill. 172. In *Bellchambers v. Ebeling,* 294 Ill. App. 247, the fact of infancy was brought to the court's attention at the time of the hearing of a motion for new trial, and the court then appointed a guardian *ad litem* for such minor. Though the trial court filed a certificate that nothing had been brought to the knowledge of the court which would tend to indicate that the minor had been deprived of any defense, rights or privileges, this court, in reversing the judgment, held that such an appointment does not comply with the reasoning of the courts that an appointment should be made for the purpose of protecting the interests of the minor. We agree with the trial court in setting aside the judgment as to defendant Fako.

██ As to defendants Fara, no showing was made by them under section 72 to entitle them to vacate the judgment after term time. Directly in point is *Wagner v. Sulka,* 336 Ill. App. 101, where this court held that the negligence of the insurance agent was imputed to defendant, and that the defendant was guilty of lack of diligence. To the same effect is *Bohn v. Arth,* 331 Ill.

App. 321. The court was in error in vacating the judgment as to defendants Fara.

A defaulting defendant cannot insist upon a trial by jury where none was demanded by him. His default waives his right to a jury trial. *Neumann v. Neumann,* 223 Ill. App. 285; *Harris v. Juenger,* 289 Ill. App. 467.

We are next confronted with the more important question as to whether, upon appeal, this court must treat the judgment as a unit and cannot set it aside as to one defendant without reversing it as to all.

In *Minnis v. Friend,* 360 Ill. 328, upon this question, the court held that under section 92 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 216; Jones Ill. Stats. Ann. 104.092] the judgment is not a unit but is divisible, and the reviewing court may reverse a judgment as to one and not the other defendants. The ruling was followed in *Crane v. Railway Express Agency,* 369 Ill. 110. Defendants argue that *Fredrich v. Wolf,* 383 Ill. 638, and *Gray v. First National Bank of Chicago,* 388 Ill. 124, overrule the holdings in *Minnis v. Friend,* and *Crane v. Railway Express Agency.* The same argument was made in *Zahn v. Muscarello,* 336 Ill. App. 188, where this court, in an extensive review of the cases upon the question of a unit judgment and the power of a reviewing court, under section 92 of the Civil Practice Act, to set aside the judgment as to one or more defendants without reversing it as to the remaining defendants, distinguished *Fredrich v. Wolf* and *Gray v. First National Bank, supra.* This court pointed out that *Fredrich v. Wolf* dealt with the authority of the trial court under section 50 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 174; Jones Ill. Stats. Ann. 104.050] and not the authority of the reviewing court under section 92 of the Civil Practice Act, and that likewise *Gray v. First National Bank* did not deal with the authority of the reviewing court

383

under section 92, and concluded that the Supreme Court in those cases did not intend to overrule the holdings in the *Minnis* and *Crane* cases, and therefore followed the holdings in the latter cases. We adhere to the reasoning and holding in the *Zahn* case.

██ The withholding of authority from the *nisi prius* courts under section 50 of the Practice Act to set aside a judgment as to one or more and not as to all of the defendants (*Fredrich v. Wolf, Gray v. First National Bank of Chicago, supra*) and the conferring of such authority upon the courts of review under section 92 of the Practice Act (*Minnis v. Friend, Crane v. Railway Express Agency, Zahn v. Muscarello, supra*) is entirely in the control of the legislature. The construction placed upon these sections of the Civil Practice Act by the Supreme Court, as indicated, is controlling upon us.

The order setting aside the judgment against defendants Martin Marich, Frank Fara and Julia Fara is reversed. That part of the order vacating the judgment as to Emil Fako is affirmed.

*Affirmed in part and reversed in part.*

KILEY, J., concurs.

LEWE, P. J., took no part.