Henry Kaufman, Appellant, v. Melvin Goldman et al.,
Appellees.

Gen. No. 46,713.

First District, Third Division.
January 11, 1956.
Rehearing denied February 23, 1956.
Released for publication February 29, 1956.

Jerome H. Stein, of Chicago, for appellant.

Melvin L. Goldman, of Chicago, for appellees.

JUDGE FEINBERG delivered the opinion of the
court.

Plaintiff appeals from an order dismissing his complaint at his costs. The complaint consisted of two counts. The first count sought damages under section 45 of the Business Corporation Act (Ill. Rev. Stat., Ch. 32, § 157.45 [Jones Ill. Stats. Ann. 32.045]), and Count II was for mandamus to compel production of certain corporate books, records and papers, for examination by plaintiff.

■ Defendants filed a sworn answer to Counts I and II, to which plaintiff filed a reply. Upon defendants' motion for judgment on the pleadings, the court sustained the motion and entered judgment against plaintiff. Plaintiff moved to vacate the order, and to allow plaintiff to file an amended petition for writ of mandamus and complaint at law within 5 days. This motion the court denied. No amended complaint appears to have been presented to the court below, nor is it included in the record before us. Plaintiff is in no position to question the propriety of the ruling denying said motion.

Count I of the complaint alleged in substance that plaintiff is the registered owner and holder of record of 180 shares, out of a total issue of 400 shares, and "the equitable owner and holder of 190 shares . . . of the capital stock" of Associated Heating Supplies, Inc., an Illinois corporation; that the actual value of said shares of stock is in excess of $100,000; that defendant George Kaufman is the president, treasurer and registered agent of said corporation, and the owner of 190 shares of its capital stock; that defendant Ida Kaufman is vice-president and secretary, and the owner and holder of 20 shares of capital stock; that defendant Conrad Kaufman is assistant vice-president and an executive employee and manager of said corporation and its business; and that defendant Melvin Goldman is the agent and attorney for the corporation, and has in his possession certain books and records of the corporation.

It is further alleged that plaintiff, as such shareholder, by virtue of the statutes of the State of Illinois, had the right to examine by himself, or his agent and attorney, the books and records of account, and minutes and records of the shareholders of said corporation; that on or about June 29, 1954, plaintiff demanded in writing of each of the defendants that they furnish and allow him to examine records of account and information with respect to certain corporate transactions, all as set forth in a letter from plaintiff to the defendants, dated June 29, 1954, a copy of which letter is attached to the complaint and made a part thereof; that on July 9, 15, 22 and 27, and August 3 and 9, 1954, plaintiff presented himself in person at the office of the corporation for the purpose of examining and making extracts from the records of account and information with respect to those transactions; and that on each such occasion defendants failed to furnish and make available to plaintiff or to allow him to examine and make extracts from the records of account and information, and have refused contrary to the statute; and prayed for judgment against each of the defendants in the sum of $10,000, together with reasonable attorney's fees and costs.

Count II realleges the matters in paragraphs 1 through 10 of Count I, and attaches a copy of the written demand dated May 23, 1953, upon each of the defendants that they furnish and allow him to examine said books and records of account and information with respect to the corporate transactions specifically set forth in said letter; that at the annual meeting of the stockholders on June 2, 1953, and of the board of directors on June 6, 1953, as well as at a board meeting held on December 19, 1953, said defendants refused to furnish and allow plaintiff to examine said records; that again, on January 29, 1954, plaintiff made a written demand upon the defendants that they produce at the office of the corporation the books and records and

411

allow him to examine them, as set forth in said letter attached to the complaint and made a part thereof. The count prayed for the issuance of a writ of mandamus to compel such production.

The answer in detail alleged that the records, books and papers requested by plaintiff had been submitted to plaintiff, and that he had examined the same and had fully informed himself as to all of the information requested in his written demands attached to the complaint. Attached to the answer and made a part thereof were replies by defendants to the several written demands made by plaintiff for the production of the books, records and papers. These letters, attached to the answer, clearly disclose that defendants had at all times made the books, records and papers available to him, and were then available to him if he desired to examine them. The answer further disclosed that there had been a prior action brought in the Circuit Court of Cook County against these defendants, seeking the same relief, and that said action was dismissed and judgment there entered against plaintiff, from which plaintiff appealed.

The judgment in said prior action was appealed to this court (6 Ill.App.2d 207 (Abst.)), and we affirmed it. The judgment there was entered upon the admitted facts in the pleadings. The complaint there alleged substantially the same facts, to which a sworn answer was filed and no reply filed to the answer. We there said that the failure to file a reply admitted the facts set up in the answer, and upon such admitted facts the court was justified in dismissing the complaint and entering judgment for defendants.

It also appears from the present pleadings that at the time of the entry of the judgment in the prior action appealed from, there was then also pending in the Superior Court of Cook County another action between these parties, seeking relief upon substan-

tially the same facts alleged in the instant action and, in addition, for a dissolution of the corporation and the appointment of a receiver. The instant action is therefore the third action brought by plaintiff.

Plaintiff, upon oral argument, conceded that defendant Melvin Goldman should not have been joined as a defendant, since whatever corporate records he had in his possession were in his representative capacity as attorney for the corporation, while performing some legal work for it.

■ The pleadings in the instant case, which include the various letters attached to them, we think fail to allege or establish a proper purpose upon the part of plaintiff to entitle him to examine the corporate books, records and papers. Morris v. Broadview, Inc., 385 Ill. 228. In Sawers v. American Phenolic Corp., 404 Ill. 440, it was said:

"He [plaintiff] must be seeking something more than a satisfaction of his curiosity and not be conducting a general fishing expedition."

An illustration of the lack of proper purpose on the part of plaintiff is his demand for production of the record of stockholders. It clearly appears from plaintiff's complaint that there are only three stockholders, and he names them together with the amount of stock each owns.

■ Defendants' claim of res adjudicata is wellfounded. When we affirmed the judgment in the prior action (6 Ill.App.2d 207 (Abst.)) upon the admitted facts in the pleadings, it was an adjudication against the plaintiff as to the facts there determined. Any matter of recovery which might have been presented in the former suit is embraced in the rule of res adjudicata and is concluded by the earlier judgment. Leitch v. Hine, 393 Ill. 211; Adams v. Pearson, 411 Ill. 431.

We think there should be an end to the repetitious litigation. This court in Bart v. Pine Grove, Inc., 326

413

Ill. App. 426, 430, quoted with approval the statement in Stoll v. Gottlieb, 305 U. S. 165:

"It is just as important that there should be a place to end as that there should be a place to begin litigation."

We think the judgment is correct and it is therefore affirmed.

Affirmed.

LEWE, P. J. and KILEY, J., concur.