Marie Reiter, Conservator of Estate of T. H. Reiter, Incompetent, Appellant, v. Illinois National Casualty Company, et al., Appellees.

Gen. No. 46,943.

First District, Third Division.

December 28, 1956.

Released for publication February 6, 1957.

John A. Brown, of Chicago, for plaintiff-appellant.

Heineke, Conklin & Schrader, for Illinois National Casualty Company, appellee; Paul H. Heineke, of Chicago, of counsel. Sinon A. Murray, of Chicago, and Walter T. Day, of Springfield, for appellee, A. M. Fitzgerald.

PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff appeals from an order entered December 29, 1955, overruling plaintiff's exceptions to the master's report and dismissing the cause for want of prosecution at plaintiff's costs, and from an order entered February 20, 1956, denying the motion to vacate the order of December 29, 1955.

The original complaint in this cause was filed April 24, 1936. It was here on a previous appeal (Reiter v. Illinois National Casualty Co., 328 Ill. App. 234 (First Division), in which this court reversed a decree dismissing the complaint for want of equity and remanded the cause to the Superior Court with directions to enter a decree in favor of plaintiff.

We refer to that opinion for a statement of the facts. In view of the conclusion reached upon this appeal, we refrain from making any comment upon the evidence recited in the Appellate Court opinion.

The decree which was reversed was entered upon a report by Master O'Toole, who reported the evidence taken before him and his conclusions and recommendations. It appeared from his report that at the conclusion of plaintiff's evidence, the defendants each moved for a finding by the master in their favor. The defendants introduced no evidence. The master sustained that

274

motion and recommended the dismissal of the complaint based only on the evidence for plaintiff and the pleadings in the cause. This court, in reversing that decree, held that the motion for a finding made before the master at the conclusion of plaintiff's evidence was tantamount to submission for a final determination of the cause upon the evidence for plaintiff, and further held that plaintiff was entitled to an accounting, and directed a decree be entered for plaintiff.

The Supreme Court (Reiter v. Illinois National Casualty Co., 397 Ill. 141) reversed the judgment on the ground that the motion for a finding was not tantamount to a submission of the cause upon the plaintiff's evidence, and remanded the cause to the trial court to allow the defendants to proceed with the taking of testimony in their defense, if so desired by them. Upon the filing of the mandate of the Supreme Court, the Superior Court on October 31, 1947, re-referred the cause to Master O'Toole for the taking of further evidence.

To explain the reasons for this protracted litigation (presently over 20 years), it is necessary to briefly outline in chronological order the proceedings following the decision of the Supreme Court.

On October 18, 1948, plaintiff's petition to cancel the reference to Master O'Toole, in which serious charges of prejudice on the part of the master were asserted, was denied and defendants ordered to close proofs before said master within six months from October 14, 1948.

On March 10, 1949, plaintiff filed a motion with the master that the cause be heard by some master other than Master O'Toole. Master O'Toole justifiably refused to hear the cause further, and on March 23, 1949, the reference to Master O'Toole was vacated and the cause referred to Master Lantry. In the hearing before Master Lantry plaintiff refused to proceed with

production of his evidence but insisted that the evidence taken before Master O'Toole should be received by the new master. The master certified the question of procedure to the chancellor, who entered an order May 11, 1949, requiring plaintiff to proceed de novo before Master Lantry, and that the master do not consider the evidence taken before Master O'Toole.

Plaintiff then filed a petition in the Supreme Court for original mandamus against the chancellor, to expunge from the record the order of May 11, 1949. The proceedings before Master Lantry were suspended pending the petition for mandamus in the Supreme Court. The Supreme Court, in People ex rel. Reiter v. John J. Lupe, Judge, 405 Ill. 66, denied the writ, in which the court held that Master Lantry could not consider the evidence taken before Master O'Toole, since he had no opportunity to see or hear the witnesses and judge their credibility, and therefore could not fully perform his duties under the law. The court stated:

"Thus, petitioner's predicament of having to proceed *de novo* before Lantry is largely one of his own creation, and not the result of any arbitrary or unreasonable action on the part of the trial court."

March 14, 1950, Master Lantry having died, the motion to vacate the reference to Master Lantry was allowed. Reversing his previous position, plaintiff then moved to re-refer the cause to Master O'Toole, which was denied on April 21, 1953, and the cause was then referred to Master Wescott, who set the cause for hearing on May 14, 1953. Several continuances of the hearing before Master Wescott followed.

On July 17, 1953, plaintiff applied to the United States District Court for the Northern District of Illinois for a restraining order against defendants and Master Wescott, from proceeding with the hearing, and

for a declaratory judgment in that court. On October 20, 1953, the United States District Court refused to allow the filing of the complaint for a declaratory judgment and declined to accept jurisdiction. An appeal was taken from that order in March, 1954, to the Circuit Court of Appeals for the Seventh Circuit, which court on June 10, 1954, affirmed the District Court.

On April 12, 1955, plaintiff moved in the instant cause for leave to file a supplemental complaint for a declaratory judgment. Defendants countered with a motion to dismiss the cause for want of prosecution. On June 24, 1955, the court refused leave to file the supplemental complaint and denied the motion to dismiss for want of prosecution without prejudice to the right to renew the motion.

Plaintiff filed a petition in the Supreme Court for leave to appeal from the order denying leave to file the supplemental complaint. That court upon motion on September 28, 1955, dismissed the petition for leave to appeal.

The cause came on for hearing before Master Wescott on November 30, 1955, when plaintiff appeared and declined to proceed with his evidence, informing the master that on November 14, 1955, a petition for a conservator had been filed in the Probate Court of Cook County to have plaintiff adjudged mentally incompetent, and that the hearing was set for January 9, 1956. Plaintiff's counsel advised the master that plaintiff had been incompetent for more than five years and could not proceed before the master because he had no client, and asked that the master continue the hearing until the Probate Court had acted. Defendants then moved before the master that the cause be dismissed for want of prosecution. December 16, 1955, the master filed his report, recommending the dismissal of the cause for want of prosecution.

December 29, 1955, the chancellor heard arguments upon the exceptions to the latter report, and an order was entered dismissing the cause for want of prosecution. On January 17, 1956, plaintiff moved that the cause be reinstated upon the docket, that the order of dismissal be vacated, and that Marie Reiter, who was appointed on January 9, 1956, conservator of T. H. Reiter, incompetent, be substituted as party plaintiff. February 20, 1956, the chancellor denied the motion, ruling that it was unnecessary to pass upon the motion for substitution of the party plaintiff, since there was no cause then pending.

In 1955 the Master in Chancery Act, Ch. 90, Ill. Rev. Stat. 1955, was amended, effective January 1, 1956. The pertinent provisions of the amendment are:

"5b. Evidentiary status of testimony taken before a master.] § 5b. Testimony taken before a master in chancery pursuant to a reference and certified to the court may be filed as evidence. If the testimony of a witness before a master in chancery has been completed and the master ceases to act for any reason before the testimony is certified to the court, the testimony of the witness may be proved and when proved may be ordered filed as evidence. The court in its discretion

(1) may hear the case on evidence filed pursuant to this section and any other evidence the parties may introduce;

(2) may refer the case to another master in chancery to take further evidence and certify the same to the court, and the court may then hear the case on the evidence filed pursuant to this section and the additional evidence certified to the court; or

(3) may refer the case to another master in chancery to hear the same on the evidence filed pursuant to this section and any other evidence the parties may introduce and to certify the evi-

dence and report his findings of fact and conclusions of law thereon."

The effective date of this amendment, it will be observed, was two days following the order of December 29, 1955, dismissing this cause. The hearing in the Probate Court was set for January 9, 1956, on which day the original plaintiff in this cause was adjudicated incompetent and the present plaintiff was appointed conservator.

At the time the order of dismissal was entered there was in effect Section 20, Chapter 1, Abatement, Ill. Rev. Stat. 1955, which reads:

"If, during the pendency of any action, proceeding or complaint, in law or equity, either party becomes insane, the cause may be prosecuted or defended by his conservator in like manner as by an executor or administrator in case of the death of a party, or the court may appoint a guardian *ad litem,* as the case may require."

Chapter 3, par. 276, § 124, Ill. Rev. Stat. 1955, provides:

"The conservator of the estate of an incompetent shall appear for and represent his ward in all legal proceedings unless another person is appointed for that purpose as conservator or next friend. But this does not impair the power of any court to appoint a conservator or next friend to defend the interests of the ward in that court, or to appoint or allow any person as the next friend of a ward to commence, prosecute, or defend any suit in his behalf."

■ It thus clearly appears from the foregoing sections that the legislature contemplated that, when a person becomes incompetent, his interests are to be protected by a conservator appointed by the Probate Court, or a guardian ad litem to be appointed by the

279

court in any proceeding wherein the incompetent is either plaintiff or defendant.

In People v. Scott, 326 Ill. 327, 343, it was said:

"The same rule in this regard applies to insane defendants, or those presumed to be insane, as is applicable to minors who have no guardian appointed for them. Minors who have no guardian must be represented by guardian ad litem whenever their personal or property rights are involved or all proceedings against them will be erroneous. . . . The same rule is applied in cases where it is represented that the defendant is insane." (Citing Pyott v. Pyott, 191 Ill. 280.)

This court in Pyott v. Pyott, 90 Ill. App. 210, 224, said:

"It is the duty of the court upon proper suggestion or petition, made in a pending cause in equity, to appoint a guardian ad litem to any infant or insane defendant (if there is no conservator of the insane person) in such cause.

". . .

"The analogy in practice between infant and insane defendants seems to us to be complete."

In Bellchambers v. Ebeling, 294. Ill. App. 247, upon the motion for new trial, after verdict, it was suggested to the court that the defendant was a minor, and a guardian ad litem was then appointed, the trial court certifying that there was nothing brought to the attention of the court to indicate that the minor had been deprived of any defense, or any rights or privileges as a minor, of which he could have taken advantage had a guardian ad litem been appointed at the time of the starting of the suit or any time thereafter. The judgment was reversed because no guardian ad litem was appointed before trial. (Followed in Chmielewski v. Marich, 350 Ill. App. 379, 382; affirmed 2 Ill.2d 568.)

280

In Simpson v. Anderson, 305 Ill. 172, 175, it was stated:

"It is well settled that a judgment or decree against a minor without the appointment of a guardian ad litem to represent him in the suit is voidable and may be set aside by a proper motion made in the court where the judgment or decree was rendered and the minor allowed to make his defense, and this may be done at a term subsequent to that in which the judgment or decree was rendered."

█ In view of the statute and the holdings in the cases cited, and particularly the holding in the Simpson case, the motion made in the instant cause on January 17, 1956, to vacate the order of dismissal was made in term time and should have been allowed. That the former plaintiff was incompetent when the order of dismissal for want of prosecution was entered was adjudicated by the Probate Court on January 9, 1956. The dismissal of the action barred plaintiff from the statutory benefit of having the testimony already taken on behalf of plaintiff before Master O'Toole considered by the court or another master.

Cases cited by defendants, which hold that before one who is insane is entitled to have a judgment against him set aside, there must be a showing of either a meritorious claim or defense, as the case may be, are not applicable to the instant case, in view of the decision of the Supreme Court remanding the instant cause to allow the defendants to proceed with their defense.

We adhere to the principle announced by us in Kaufman v. Goldman, 8 Ill.App.2d 409, where we stated:

"We think there should be an end to the repetitious litigation."

We pointed to the statement in Stoll v. Gottlieb, 305 U. S. 165:

"It is just as important that there should be a place to end as that there should be a place to begin litigation."

We disapprove of litigation pending as long as the instant case, and courts should, whenever possible, discourage procedure which would permit a condition like the one here revealed. However, we are impelled upon this state of the record, although reluctantly, to conclude that the court erred in dismissing the cause for want of prosecution and in denying the motion to vacate that order.

The orders appealed from are reversed and the cause remanded with directions that an appropriate order be entered re-referring the cause to a master, who should consider the evidence already taken on behalf of the former plaintiff before Master O'Toole, and allow the defendants to offer such evidence in their defense as they may desire, or on the same basis the cause be heard by the chancellor.

Reversed and remanded with directions.

KILEY and LEWE, JJ., concur.