Louise M. Shemaitis, Plaintiff, v. Charles J. Shemaitis, Chicago Federal Savings and Loan Association and Unknown Owners, Defendants.
Charles J. Shemaitis, Petitioner-Appellant, v. LeRoy F. Froemke, Respondent-Appellee.

Gen. No. 47,962.

First District, Second Division.

July 26, 1960.

Rehearing denied September 15, 1960.

Hugh M. Matchett, of Chicago, for Charles J. Shemaitis, defendant-appellant.

A. Edmund Peterson, John Mann, Daniel S. Wentworth, and John H. Meyer, of Chicago, for LeRoy F. Froemke, respondent-appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from an order of the trial court denying appellant's motion to vacate all orders entered in the cause.

The factual situation is extensive, and the most that can be done here is to briefly summarize the contents chronologically.

Appellee was the purchaser of the property in question at a partition sale which resulted from an action brought against the appellant by his wife. The partition sale was the result of the following procedure:

November 3, 1947, the complaint for partition was filed by appellant's wife.

December 10, 1947, appellant was served and an appearance was filed by his attorney.

December 19, 1947, appellant's answer was filed, not claiming homestead.

March 4, 1948, the decree of partition was entered. The decree does not award homestead to anyone but finds that appellant's wife was the owner of one half of the property and orders partition of the premises.

In due course, the commissioners appointed by the court reported that there was no possibility of division without prejudice. This report was adopted by the court and a sale was ordered. Appellee purchased at the master's sale and the master's report of sale was filed and approved. A master's deed was delivered to appellee. Distribution was ordered. Appellant refused to accept his share and was subsequently cited for contempt when he refused to surrender possession of the premises. These orders were not effectively appealed.

On March 24, 1950, appellant filed a bill of review attacking the partition proceedings. On June 15, 1951, a motion to strike by appellee was sustained. Leave to appeal from this decree in this court was denied on July 22, 1952.

On September 3, 1953, a second bill of review was filed by appellant. This was dismissed on the ground that the cause of action had been barred by the judgment entered in the first bill of review suit. This court affirmed that decision on appeal (6 Ill.App.2d 324) and leave to appeal was denied by the Supreme Court (5 Ill.2d 631).

An appeal was also taken from the trial court's refusal, on October 10, 1955, to entertain "a motion to dispose of the motion to dismiss heretofore filed" on July 27, 1948. This court affirmed on the grounds of res judicata (14 Ill.App.2d 108).

This court also affirmed a dismissal of appellant's tort claim for false imprisonment, etc., in 14 Ill. App.2d 260.

The present appeal is said to be a continuation of the original proceedings rather than a collateral at-

tack in a separate proceeding. The basis upon which relief is claimed is essentially the same as that which existed in the previous suits discussed above. It was filed on July 18, 1958, and on October 21, 1958, appellee's motion to dismiss was sustained and the petition dismissed. Motions to vacate the order of dismissal were denied, and this appeal is taken from such denials.

The essential point for decision in this appeal is the effect of the doctrine of res judicata upon the facts here presented. As was said in Shemaitis v. Shemaitis and Froemke, 6 Ill.App.2d 324:

> "A cause of action which has been finally determined is conclusive as to all immediate parties to the suit and all persons in privity with them. (Leitch v. Hine, 393 Ill. 211, 66 N.E.2d 90; Chicago & W. I. R. Co. v. Alquist, 415 Ill. 537, 114 N.E.2d 713.)"

Appellant contends that there has been no final determination of this case because the decree entered in the partition suit on March 4, 1948, recites:

> "And the court having heard the testimony and other evidence presented by the parties hereto, in open court, as per the transcript of proceedings which is to be filed herein in due course, and being fully advised in the premises, doth find: . . . ."

The reference to a transcript to be filed in due course is said to prevent finality of the decree, since something remained to be done which never was accomplished.

We do not agree with this contention. The decree stands upon a sufficient foundation. The recitations necessary for ordering the partition and for the implementation of that order were made. The reference to the transcript to be filed is only inci-

470

dental to the decree. Moreover, section 64(3) of the Illinois Civil Practice Act, Ill. Rev. Stat. 1947, Chap. 110, sec. 188(3) (now Ill. Rev. Stat. 1959, Chap. 110, sec. 64(4)), which was in force at the time the decree was entered, provides that the equity decree need not be supported by any special findings of fact or certificate of evidence, so that the losing party must preserve the certificate of evidence if he wishes to dispute the decree. As the court said in Sauter v. Pickrum, 373 Ill. 541, at page 543:

> "Under paragraph 3 of section 64 of the Civil Practice act (Ill. Rev. Stat. 1939, chap. 110, par. 188), it is not necessary that a decree in equity be supported by finding of fact or certificate of evidence. On appeal, a finding of fact in a decree is presumed to be supported by evidence, and any one who attacks such a finding has the burden of preserving the evidence."

■ The appellant argues that because of the recitation in regard to the "transcript of proceedings," the burden of providing the transcript for purposes of appeal was assumed by appellee. The "transcript of proceedings" not being essential to the decree, the burden remained upon the appellant to supply the evidence upon which his attack on that decree could be based. Not having done so, he is in no position to object to the decree. In Pease v. Kendall, 391 Ill. 193, at page 200, the court stated the proposition in the following manner:

> "Under section 64(3) of the Civil Practice Act, it is not necessary that the decree recite special findings of fact or that there be a certificate of evidence to support it. (Ill. Rev. Stat. 1943, chap. 110, p. 2431.) Where a party seeks to have a judgment reversed, the error must be made to appear by the abstract."

471

■ Appellant also contends that the decree is interlocutory because it did not adjudicate the question of his homestead estate in the property. Appellant was under the obligation of making his claims of rights in the property known to the court at the time of the trial. Having failed to do so, he may not now allege that the decree is not final. The decree was a conclusive determination, and its failure to include homestead rights is a determination that none exist. Thelin v. Hupe, 397 Ill. 44, 72 N.E.2d 735.

■ We find that the decree was final and appealable. The failure of appellant to appeal within the allotted time makes the decree conclusive as to these parties and questions. The court had jurisdiction over both the parties and the subject matter. Therefore, this attempt to collaterally attack that decree must fail. Miller v. Rowan, 251 Ill. 344, 96 N. E. 285.

This case has been litigated. The ingenious variations of theory contrived by appellant have been defeated at every turn through the string of appeals in this and other courts. In Shemaitis v. Gallagher and Froemke, 14 Ill.App.2d 260, 144 N.E.2d 633, the court said:

> "In Kaufman v. Goldman, 8 Ill. App.2d 409, 132 N.E.2d 52, we said 'there should be an end to the repetitious litigation,' citing Stoll v. Gottlieb, 305 U.S. 165, where it was said:
> " 'It is just as important that there should be a place to end as that there should be a place to begin litigation.' "

We can only reiterate those views when considering the present case.

For the above stated reasons, the judgment appealed from is affirmed.

Affirmed.

BURKE, P. J., and FRIEND, J., concur.